**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4218**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES A. TRIVETTE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (CR-04-16)

Submitted:  October 21, 2005        Decided:  December 19, 2005

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, Charlotte, North Carolina, for Appellant. Kimlani S. Murray, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Charles A. Trivette appeals the 120-month concurrent sentences imposed after he pled guilty to possession with intent to distribute methamphetamine (Count 1), in violation of 21 U.S.C. § 841(a)(1) (2000), and to being a felon in possession of a firearm (Count 3), in violation of 18 U.S.C. § 922(g)(1) (2000).[*] Trivette's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal. Trivette was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel questions the reasonableness of Trivette's sentence in light of United States v. Booker, 125 S. Ct. 738 (2005). Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court "must consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The

---

[*]Trivette also pled guilty to using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2005), and received a sixty-month consecutive sentence. He does not challenge this portion of his sentence in this appeal.

sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47 (citations omitted).

In sentencing Trivette to a 120-month sentence, a sentence one month below the properly calculated Sentencing Guidelines range of 121 to 151 months of imprisonment, the district court considered that range and all of the factors in § 3553(a), taking into account the ten-year mandatory minimum statutory sentence on Count 1, see 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2005), and the ten-year statutory maximum sentence on Count 3, see 18 U.S.C. § 924(a)(2) (2000).  Our review of the record leads us to conclude that the district court adequately explained its reason for sentencing Trivette below the advisory Sentencing Guidelines range.  We therefore find that the sentence is reasonable.

Counsel also questions whether the Government engaged in prosecutorial misconduct when it failed to file a motion for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2004), based upon Trivette's substantial assistance.  The Government did not promise to make such a motion, and there is no evidence that it refused to make the motion based upon an improper motive.  Wade v. United States, 504 U.S. 181, 185-86 (1992).  We therefore find nothing improper regarding the Government's failure to make the motion.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Trivette's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We deny counsel's motion to withdraw and Trivette's motion to substitute counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>